**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4465**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

GARY RICHARD LACKEY,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.  (5:11-cr-00052-RLV-1)

_____

Submitted:  January 11, 2013     Decided:  January 17, 2013

_____

Before DUNCAN, DAVIS, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Noell P. Tin, TIN, FULTON, WALKER & OWEN, PLLC, Charlotte, North Carolina, for Appellant.   Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Richard Lackey pled guilty pursuant to a plea agreement to one count of possession with intent to distribute and aiding and abetting the distribution of a Schedule I controlled substance, in violation of 18 U.S.C. § 2 (2006); 21 U.S.C.A. §§ 841(a), 841(b)(1)(B) (West 1999 & Supp. 2012), and was sentenced to 120 months in prison. Lackey's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating there are no meritorious grounds for appeal, but raising as possible issues for review whether the district court complied with Fed. R. Crim. P. 11 when it accepted Lackey's guilty plea and whether Lackey's sentence is reasonable. Lackey filed a pro se supplemental brief in which he asserts that counsel rendered ineffective assistance because he allegedly failed to explain the ramifications of 21 U.S.C. § 851 (2006) "and it's [sic] affect on his statutory mandatory minimum sentence and/or the Guidelines[.]" The Government has declined to file a responsive brief. Finding no error, we affirm.

Because Lackey did not move the district court to withdraw his guilty plea, any errors in the Rule 11 hearing are reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). "To establish plain error, [Lackey] must show that an error occurred, that the error was

2

plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Lackey satisfies these requirements, we retain discretion to correct the error, which we should not exercise unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings. Id.

A review of the record establishes that the district court complied with Rule 11's requirements, ensuring that Lackey's plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed the offense to which he was pleading guilty. Accordingly, we affirm Lackey's conviction.

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires that we ensure the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.A.] § 3553(a) [(West 2000 & Supp. 2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an

3

explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, we review for abuse of discretion" and will reverse unless we can conclude "that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). For instance, if "an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation" by drawing arguments from § 3553 "for a sentence different than the one ultimately imposed," the party sufficiently "preserves its claim." Id. at 578. However, we review unpreserved non-structural sentencing errors for plain error. Id. at 576-77.

If, and only if, we find the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence imposed. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). This court presumes that a sentence within the Guidelines range is reasonable. See United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010) ("[W]e may and do treat on appeal a district court's decision to impose a sentence within the Guidelines range as presumptively reasonable.").

Our review of the record reveals no procedural error in Lackey's sentence. The district court adopted the proper

4

Guidelines range calculation, properly considered the § 3553(a) factors, and appropriately explained Lackey's sentence.

We next consider the substantive reasonableness of the sentence, taking into account the "totality of the circumstances, including the extent of any variance from the Guidelines range." Gall, 552 U.S. at 51. Where, as here, the Government has not moved for a departure from the Guidelines range due to the defendant's substantial assistance, the district court lacks discretion to impose a sentence below the statutory minimum. United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005). Moreover, the imposition of a statutory mandatory minimum sentence is per se reasonable. United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008). In Lackey's case, his 120-month sentence was the minimum sentence required by statute for the narcotics offense. See 21 U.S.C.A. §§ 841(a)(1), (b)(1)(B) (West 1999 & Supp. 2012). Accordingly, we find that the sentence is substantively reasonable and conclude that the district court committed no reversible error in its imposition.[*]

---

[*] To the extent that Lackey attempts to raise an ineffective assistance of counsel claim based on his allegation that counsel failed to explain to him the ramifications of § 851, we find that ineffective assistance does not conclusively appear on the record. See United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008) (holding that an ineffective assistance of counsel claim is not cognizable on direct appeal "unless it conclusively (Continued)

5

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Lackey, in writing, of the right to petition the Supreme Court of the United States for further review. If Lackey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lackey. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

appears from the record that defense counsel did not provide effective representation") (internal citation omitted).

Although we note that an ineffective assistance of counsel claim should generally be raised by a habeas corpus motion under 28 U.S.C.A. § 2255 (West Supp. 2012), we intimate no view as to the validity or lack of validity of such a claim.